**Santiago PEREZ–COS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75901.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 23, 2007.

Susan E. Hill, Esq., Hill & Piibe, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Home-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See Fed.* R.App. P. 34(a)(2).

land Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Sarah Maloney, Esq., U.S. Department of Justice Civil Division, Washington, D.C., for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

## MEMORANDUM **

Santiago Perez–Cos, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order affirming without opinion an immigration judge's ("IJ") decision denying his application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *See Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

Perez–Cos' contention that the IJ violated his due process rights is not supported by the record and does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction."). Perez–Cos' contention that the hardship standard set forth in 8 U.S.C. § 1229b(b)(1)(D) is unconstitutionally vague also fails to state a colorable due process claim. *See Martinez–Rosas*, 424 F.3d at 930.

Contrary to Perez–Cos' contention, the IJ's interpretation of the hardship standard falls within the broad range authorized by the statute. *See Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1006 (9th Cir. 2003).

Perez–Cos' motion to hold proceedings in abeyance and to consolidate is denied.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

